# EXHIBIT A

USTED ESTA ORDENADO COMPARECER EN Arbitration Hearing 1880 JFK Blvd. 5th fl. at 10:45 AM - 10/19/2026
You must still comply with the notice below. USTED TODAVIA DEBE CUJPLIR CON EL AVISO PARA DEFENDERSE.
This matter will be heard by a Board of Arbitrators at the time, date and place specified but, if one or more parties is not present at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties.
There is no right to a trial de novo on appeal from a decision entered by a Judge.

Filed and Attested by the Office of Judicial Records 19 JAN 2026 08:46 am E. MERCEDES

THE LAW OFFICES OF JOEL J. KOFSKY
JOEL J. KOFSKY, ESQUIRE
ATTORNEY I.D. #61114
1500 JFK BOULEVARD
2 PENN CENTER, #550
PHILADELPHIA, PA 19102
(215)735-4800

THIS IS AN ARBITRATION CASE
ASSESSMENT OF DAMAGES
IS REQUIRED

ATTORNEY FOR PLAINTIFF

| | | |
|---|---|---|
| **GREGORY FISHER**<br>4941 N. Uber St.<br>Philadelphia, PA 19141<br>**Plaintiff** | : | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY**<br><br>**JANUARY TERM, 2026** |
| **v.** | : | **NO.** |
| **WALMART SUPERCENTER**<br>1675 S. Columbus Blvd.<br>Philadelphia, PA 19148<br>and<br>**WALMART REAL ESTATE BUSINESS TRUST**<br>1 Customer Drive<br>Bentonville, AR 72716<br>and<br>**WALMART INC.**<br>1 Customer Drive<br>Bentonville, AR 72716<br>and<br>**WALMART STORES EAST LP**<br>4600 East Roosevelt Boulevard Building G<br>Philadelphia, PA 19124<br>and<br>**JOHN DOE CLEANING COMPANY**<br>and<br>**JOHN DOE CONTRACTOR**<br>**Defendants** | : | |

# NOTICE TO DEFEND

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint & Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA COUNTY BAR ASSOCIATION
Lawyer Referral & Information Service
1101 Market Streets, Philadelphia, Pennsylvania 19107
(215) 238-6333

**AVISO**

**Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias deplazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de s persona. Sea avisado que si used no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder u otros derechos importantes para usted.**

**LLEVE ESTSASS DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PAPA AVAERIGUAR DONDE SE PAEDE CONSEGUIR ASISTENCIA LEGAL.**

ASOCIACION DE LICENCIADOS DE FILADELFIA
Servico De Referencia E Informacion Legal
1101 Market Streets, Filadelfia, Pennsylvania 19107
(215) 238-6333

THE LAW OFFICES OF JOEL J. KOFSKY
JOEL J. KOFSKY, ESQUIRE
ATTORNEY I.D. #61114
1500 JFK BOULEVARD
2 PENN CENTER, #550
PHILADELPHIA, PA 19102
(215)735-4800

THIS IS AN ARBITRATION CASE

ASSESSMENT OF DAMAGES
IS REQUIRED

ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| **GREGORY FISHER**<br>4941 N. Uber St.<br>Philadelphia, PA 19141<br>**Plaintiff** | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY**<br><br>**JANUARY TERM, 2026** |
| **v.** | **NO.** |
| **WALMART SUPERCENTER**<br>1675 S. Columbus Blvd.<br>Philadelphia, PA 19148<br>and<br>**WALMART REAL ESTATE BUSINESS TRUST**<br>1 Customer Drive<br>Bentonville, AR 72716<br>and<br>**WALMART INC.**<br>1 Customer Drive<br>Bentonville, AR 72716<br>and<br>**WALMART STORES EAST LP**<br>4600 East Roosevelt Boulevard Building G<br>Philadelphia, PA 19124<br>and<br>**JOHN DOE CLEANING COMPANY**<br>and<br>**JOHN DOE CONTRACTOR**<br>**Defendants** | |

**CIVIL ACTION COMPLAINT**
**NEGLIGENCE – 2S – PREMISES LIABILITY**

Plaintiff, Gregory Fisher, by and through his undersigned counsel, files this Civil Action Complaint against Defendants, Walmart Supercenter, Walmart Real Estate Business Trust, Walmart Inc., Walmart Stores East LP, John Doe Cleaning Company, and John Doe Contractor, and in support thereof, avers as follows:

1. Plaintiff, Gregory Fisher, is an adult individual, residing at the above-captioned address.
2. Defendant, Walmart Supercenter, is a corporation and/or other business entity that exists, operates, and does business under the laws of the Commonwealth of Pennsylvania and maintains a principal place of business at the above-captioned address.
3. Defendant, Walmart Real Estate Business Trust, is a corporation and/or other business entity that exists, operates, and does business under the laws of the Commonwealth of Pennsylvania and maintains a principal place of business at the above-captioned address.
4. Defendant, Walmart Inc., is a corporation and/or other business entity that exists, operates, and does business under the laws of the Commonwealth of Pennsylvania and maintains a principal place of business at the above-captioned address.
5. Defendant, Walmart Stores East LP, is a corporation and/or other business entity that exists, operates, and does business under the laws of the Commonwealth of Pennsylvania and maintains a principal place of business at the above-captioned address.
6. Defendant, John Doe Cleaning Company's actual name is unknown to Plaintiff.
7. Plaintiff avers that Defendant, John Doe Cleaning Company's designation is fictitious.
8. Upon information and belief, Defendant, John Doe Cleaning Company is a business entity that performed cleaning services on the premises of 1675 S. Christopher Columbus Boulevard, Philadelphia, Pennsylvania 19148.
9. On or before April 1, 2024, Defendants owned, possessed, inspected, maintained, repaired, and/or controlled and/or had the right to control the premises of the Walmart Supercenter located at 1675 S. Christopher Columbus Boulevard, Philadelphia, Pennsylvania 19148.
10. At all times material hereto, Defendants regularly conducted business and operated stores within Philadelphia County, Pennsylvania.

11. On or about April 1, 2024, Plaintiff, Gregory Fisher, was a business invitee of Defendants at the Walmart Supercenter located at 1675 S. Christopher Columbus Boulevard, Philadelphia, Pennsylvania 19148, when he was caused to lose his balance, trip, stumble, and fall, thereby sustaining serious and permanent injuries more fully set forth herein, due to the presence of bags full of charcoal that fell off the pallet when Plaintiff was walking through the main isle that had existed for a sufficient time such that Defendants' agents and/or employees knew or should have known of their existence and had time to remedy same.

12. At all times relevant hereto, Defendants knew or should have known that the existence of the bags full of charcoal on the pallet posed a serious risk of harm to persons such as Plaintiff.

13. At all times relevant hereto, Plaintiff, relied upon the fact that Defendants would maintain the property in a safe manner and Defendants' failure to maintain the property as aforesaid increased the risk of harm to the Plaintiff.

14. At all times material hereto, Defendants acted by and through their agents (actual, apparent or ostensible), servants, workmen, employees and/or officers, all of whom were then and there acting within the course and scope of their duties, agency, employment or authority for Defendants.

15. This accident was caused solely from the negligence and carelessness of Defendants and was in no manner whatsoever due to any act of negligence on the part of Plaintiff.

**COUNT I – NEGLIGENCE**
**GREGORY FISHER v. ALL DEFENDANTS**

16. Plaintiff, Gregory Fisher, hereby incorporates all preceding paragraphs of this Complaint as though fully set forth herein

17. The aforesaid accident was caused by the negligence and carelessness of Defendants, acting as aforesaid, which consisted of the following:

    a. failing to repair the defective condition as described above;
    b. failing to properly, completely and thoroughly inspect the property;
    c. failing to promptly and carefully post warning signs, place floor mats and/or post notices to warn individuals of the defective condition;
    d. allowing the said hazardous and dangerous condition to exist once created;
    e. failing to make timely and proper maintenance upon said premises;
    f. failing to inspect and failing to establish a policy of inspection;
    g. failing to clean and/or remove the defective condition;
    h. failing to hire a janitor and/or maintenance person to remove the defective condition;
    i. otherwise acting in a manner that was negligent and careless at law and in fact all of which a reasonable person would have known or in the exercise of reasonable care should have known caused an unreasonable risk of harm to the public and more particularly to the Plaintiff herein;
    j. violating applicable ordinances and property maintenance codes for the City and County of Philadelphia and the Commonwealth of Pennsylvania as well as such other statutes and case law governing the maintenance of property; and
    k. such other acts of negligence and carelessness as may be adduced through discovery or at trial.

18. As a result of the aforesaid accident, Plaintiff sustained serious, severe, and debilitating injuries, including, injuries to the neck, back, shoulders, chest, head, knees, body and extremities; and other injuries which may be known, other injuries which may be unknown and others which may develop, some or all of which may be permanent in nature.

19. As a further result of the said accident, Plaintiff has suffered severe pain, mental anguish, humiliation, and embarrassment, and will continue to suffer same for an indefinite period of time in the future.

20. As a further result of the said collision, Plaintiff has and will probably in the future, be obliged receive and undergo medical attention, which was or will reasonable and necessary arising from the aforesaid accident and will otherwise incur various expenditures for the injuries suffered.

21. As a further result of the said accident, Plaintiff has incurred medical expenses that were reasonable, necessary, and causally related to the aforesaid accident as a result of the injuries sustained in this accident.

22. As a further result of the said accident, Plaintiff has been unable to attend to daily chores, duties, and occupations, and will be unable to do so for an indefinite time in the future, all to Plaintiff's, and Plaintiff's family's great financial detriment and loss.

23. As a further result of the said accident, Plaintiff has and will suffer severe loss of earnings and/or impairment of earning capacity.

**WHEREFORE**, Plaintiff, Gregory Fisher, demands judgment in his favor and against Defendants for compensatory damages not in excess of Fifty-Thousand Dollars ($50,000.00) together with costs and interest of suit.

**THE LAW OFFICES OF JOEL J. KOFSKY**

**/s/**
JOEL J. KOFSKY, ESQUIRE
Attorney for Plaintiff

Date: 1/14/2026

# VERIFICATION

I, Gregory Fisher, am the Plaintiff in this action and hereby verify that the statements made in the foregoing pleading are true and correct to the best of my knowledge, information, and belief.

I understand that the statements in said pleading are made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

Signature

DATE: 1/14/2026